**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
KATHLEEN ENGSTROM, GREGORY
ENGSTROM, LEIF ENGSTROM, ARIAL
ENGSTROM, and ALEXIS ENGSTROM,

                          Plaintiffs,

                   - against -

NORTHWEST AIRLINES CORPORATION,
NORTHWEST AIRLINES, INC., NWA CARGO,
JOHN DOE, A thru M, and JOHN DOE, INC.
N thru Z,

                         Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 08-3456 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiffs, represented by counsel, commenced this diversity action by filing a Complaint on August 22, 2008. On October 3, 2008, the Court issued a Scheduling Order setting an Initial Conference for December 2, 2008 [DE 4]. Plaintiffs' counsel failed to appear when the case was called, although Defendants' counsel was present in Court. After several attempts, my Chambers was able to reach Plaintiffs' counsel who at that time was in New Jersey and who represented to the Court that he was dealing with an emergency. On that basis, I re-scheduled the Initial Conference to December 11, 2008 at 11:00 a.m. and advised counsel for both parties, while Plaintiffs' counsel was still on the phone, that they needed to confer and prepare a draft discovery plan which needed to be filed on ECF by December 9, 2008. I also gave Defendants' counsel permission to attend the December 9 conference by telephone [DE 9].

      At the re-scheduled Initial Conference on December 9, 2009, Plaintiffs' counsel again did not appear. The efforts by my Chambers' staff to reach Attorney Martz were unsuccessful.

Defendants' counsel described on the record an email communication sent from his office to Attorney Martz after the December 2, 2009 conference. Defendants' counsel received no response to that communication [DE 11].

Subsequently, I entered an Order directing Plaintiffs' counsel to appear for a mandatory conference on January 20, 2009 at 2:00 p.m. and to show cause why the Court should not recommend to Judge Seybert that this case be dismissed based upon Plaintiffs' continued failure to appear for Court-ordered conferences and their ongoing failure to participate in discovery and prosecute their claims [DE 12]. The Order stated:

> **PLAINTIFFS ARE SPECIFICALLY GIVEN FINAL NOTICE HERE THAT IF THEY FAIL TO APPEAR IN PERSON AT THE JANUARY 29, 2009 SHOW CAUSE HEARING, AT 2 P.M., FOR ANY REASON, I WILL RECOMMEND TO DISTRICT JUDGE SEYBERT THAT THIS CASE BE DISMISSED FOR PLAINTIFFS' FAILURE TO OBEY THE ORDERS OF THIS COURT AND TO PARTICIPATE IN DISCOVERY AND PROSECUTE THEIR CLAIMS.**

*Id.*

Plaintiffs' counsel appeared for the January 20, 2009 show cause hearing. After discussion with the parties, I adopted the discovery plan submitted by them with several modifications. I set several discovery deadlines and gave the parties directives regarding the procedures to be followed during the pre-trial phase of the case [DE 13]. The parties were advised that a discovery status conference would be held on June 8, 2009 at 10:30 a.m. *Id.* I directed the parties to file a status letter three business days before the June 8, 2009 conference. *Id.* I separately entered a Case Management and Scheduling Order [DE 14] which set forth, *inter alia*, (1) a February 24, 2009 deadline for the parties to serve their first requests for production of

documents and first set of interrogatories, and (2) the June 8, 2009 status conference.

On June 2, 2009, Defendants' counsel submitted the required status letter [DE 15]. Defendants' counsel informed the Court that the parties had reached a settlement in principle on March 16, 2009. *Id.* Since that date, however, Defendants' counsel "was unable to contact Plaintiffs' counsel," who had not responded to the phone calls or written correspondence from Defendants' counsel. *Id.* Defendants' counsel further reported that Plaintiffs did not serve their discovery requests by the February 24, 2009 deadline set forth in the Case Management and Scheduling Order. *Id.* In response to Defendants' June 2, 2009 letter, the Court issued an Electronic Order on June 3, 2009 granting Defendants' request to appear by telephone for the June 8, 2009 status conference and directing Plaintiffs' counsel to appear in person for that conference.

Plaintiffs' counsel did not appear for the June 8, 2009 status conference [DE 16]. A notice of the June 8, 2009 proceeding was posted on ECF, and contained the following warning, underlined and placed in bold typeface:

> **It is the Court's intention to file a Report and Recommendation to Judge Seybert on June 15, 2009, reporting the history of Plaintiffs' non-compliance and recommending (1) that this case be dismissed for failure to prosecute and (2) that further sanctions be imposed upon Plaintiffs' counsel himself for his failure to comply with the lawful Orders of this Court. Unless Plaintiffs' counsel appears in person on June 15, 2009 at 1:30 p.m. in Courtroom 910, I shall proceed to enter such Order.**

*Id.*

Plaintiffs' counsel did not appear for the June 15, 2009 status conference and he has not contacted the Court to adjourn or reschedule any of the above dates, despite the warning set forth

3

in my June 8, 2009 Order. Defendants' counsel represented that he sent a fax to Plaintiffs' counsel immediately following the June 8, 2009 conference and spoke to Attorney Martz at one point [DE 17]. It is clear, then, that Attorney Martz was aware of these proceedings.

Given all of these circumstances, I have no alternative but to recommend to District Judge Seybert that Plaintiffs' case be dismissed based on their repeated failure to comply with this Court's Orders as well as their failure to prosecute their claims. *See* Fed. R. Civ. P. 41(b). Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). It is well settled that a dismissal under Rule 41(b) "operates as an adjudication on the merits and that such a dismissal is with prejudice." *Hoffman v. Wisner Classic Mfg. Co.,* 927 F. Supp. 67, 71 (E.D.N.Y. 1996) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)). Here, Plaintiffs have a history of non-compliance with the Court's Orders and have failed to appear at scheduled discovery planning conferences and mandatory status conferences. Moreover, Plaintiffs have failed to respond to repeated attempts by the Court and Defendants' counsel to communicate with them. For all these reasons, Plaintiffs' Complaint should be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Joanna Seybert, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of

the (10) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
October 1, 2009

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge